Please call the next case. Good morning, Justices, Counsel, Mr. McCarthy. I'm Dan Ugassi. I'm here on behalf of the Commission on the issue of causation and ask that you remand the case back to the Commission for further findings consistent with this decision. Causation really is the primary and sole issue before you today. And while I'm not here to do it, I'll tell you first, I'm not here to ask you to accept Dr. Cohen's opinion over that of Dr. Park. Although Cohen's opinion supports the finding of no causal connection between the meniscal tear and the arthritic condition, as well as the arthritic condition and the accident of 2008, it's a manifest weight argument and it's going nowhere because the Commission's the one that gets to weigh the two doctors and decide which one's more credible. What I am here to ask you to do today is that you examine the evidence within the record, specifically Dr. Park's opinion on causation, and determine if it supports the Commission's finding of causal connection between these two conditions and the accident. Because Dr. Park's opinion supports the finding of causation. And the Commission and the employee's attorney would have you view this in a snapshot when we have a whole photo album here. They take certain statements instead of considering the entire record. Are we, are you now into the snapshot? Because I do have to ask you this in light of what you just said. All right. You have Park's causal connection. Cohen disputes that. Commission gave little weight to Cohen's opinion. Okay. However, the Commission, knowing the claim and testified credibly when he described his injury as a twisting injury and didn't even Dr. Cohen concede that the twisting injury could have caused a pre-existing tear within the claimant's knee to worsen. Cohen agreed in his report that the workplace accident caused the manifestations of symptoms from his pre-existing arthritis. So I think you can argue, ironically enough, some of what Cohen said supports the Commission's decision. So it isn't strictly relying on one factor, is it? Well, I believe it is. And here's why, Your Honor. Cohen does, in fact, state that it could have, a twisting can cause a tear in the meniscus. But he also emphatically states and went to great lengths to state that in this particular case, with Mr. McCarthy's meniscus, it's so shredded, it's so macerated, there's nothing left there when we're starting with the meniscus. There's just nothing there. And to be able to sit back and tell you that that twisting injury actually tore something is impossible to do, which is, in fact, exactly what Dr. Park states. Because even though Dr. Park comes out and states initially, yes, it aggravated it, when asked for the basis of the opinion, the foundation of the opinion, what supports that, doctor, he says, well, I can't tell you that. I have to make assumptions and presumptions in order to get there. And that's speculation and conjecture. Well, does Cohen say Park could not make that diagnosis or could not make that causal connection? Does Cohen, or is there any evidence in the record directly refuting the foundation that Park used in his opinion that this was the straw that broke the camel's back? Or are you simply indicating here that logically and intuitively the record can't support this type of foundation that's too speculative? Well, I don't think I'm saying logically and intuitively that you can't draw that, unless I'm misunderstanding your question, Your Honor. What I'm saying is... No, let me be clear. Is there expert testimony? Does Cohen, for example, say Park was incapable of reaching that opinion because his foundation is flawed? Cohen did not address Park's foundation. I asked Park to address his foundation himself. No, I don't believe I had anyone address Park's foundation in and of itself. Well, you know, Park says, I took a history of the patient. The patient told me he wasn't having any knee problems before. He was working full time. He wasn't having any problems with his knee. He described this injury to me. After that, he has all these problems. Right. And based on that and my examination, et cetera, et cetera, et cetera, in my opinion, this was the straw that broke the camel's back, or however you want to put it. You brought the manifestation of the patient, or however you put it. Why is there not a sufficient foundation? Isn't that something doctors do all the time? I don't believe so, Your Honor. What I believe they do is they look at conditions and tell us whether there's been an aggravation of that underlying condition because all doctors will readily tell you, or did readily tell us in this case, that that condition was there. It pre-existed. That shredded meniscus was there. That arthritis was there. It all pre-existed. Asymptomatic. Asymptomatic. You're absolutely correct. Asymptomatic before this accident. You are absolutely correct. And much like the greater Peoria case, something happened while at work, and now all of a sudden the person has pain. But the Supreme Court tells us, okay, where's the aggravation? Where's the acceleration? Where's the precipitation of the injury? And it just isn't here in this case. No doctor could point to it. Is there pain? Yes. And I'm here to tell you, if I'm nearing retirement age, I have a severely arthritic knee, I get a contusion, a good contusion to my knee, I'm sure I'm going to feel pain. There's no question about that. And within a few weeks, you end up having a surgery, and you already have a very arthritic knee, I'm sure you're going to continue to have pain. But what are you saying? It doesn't mean that, I'm sorry. Are you saying there's no theory that would allow, if the pre-existing condition is aggravated or exacerbated by the workplace accident, the claimant can't recover? Is that what you're saying? Oh, no, no, no. If they prove an exacerbation or an acceleration or an, well, I'll use the word exacerbation, but if they prove that, if the doctor has a basis as to why he believes at all, any basis, instead of saying, I assume this or I presume this happened, then I agree. It's mine and I'm done. And I wouldn't even be here today. Dr. Cullen, your doctor, did he not agree in his report that the workplace accident, quote, caused a manifestation of symptoms from his pre-existing arthritis? And during his testimony, he agreed that after the accident, the claimant continued to have symptoms that did not abate. Is that supportive of an aggravation of a pre-existing condition? No, I don't believe so. Not unless the doctor can tell us what happened physically within the person that their structures gave way, as the Supreme Court has told us they need to, as to what happened for that aggravation or acceleration. Give us a basis for your opinion. Lay the foundation for me. There's a further tear in the meniscus. There's now a loose piece of cartilage, which I believe happened during this accident. There's a fresh bone bruise within the knee or something. Something happened. I can't complain that the claimant established his case through a chain of events. He doesn't even need medical testimony, does he? I was totally asymptomatic before this event at work. Subsequent to the event at work, I suffer pain. I suffer pain because this happened to me at work. And the only way to And if the very condition for which the person needed the operation didn't completely pre-exist the incident, I would agree with you. I'd have a big problem. Well, you're suggesting then that the onset of pain in and of itself cannot be an occasion for an award of benefits. In and of itself, without expert testimony telling us that there was an aggravation or an aggravation, he doesn't need medical testimony. What case do you have that says that you have to have a medical opinion as to the mechanics? It's really what I think you're talking about. The mechanics of that knee that led to an aggravation or acceleration based upon the incident, the claimant testified. Well, in looking at the greater Peoria case, we rewrite on that. In looking at a case outside of the workers' compensation realm, the Hassan case, or I may be mispronouncing that, but it's there's in some case which says that you have to have more than just the timeline and just the temporal association of a person who says they have a problem now and the problem didn't exist before something else occurred. But that would mean there wouldn't be any chain of events theory left, would there be? Doesn't the law in this area recognize a chain of events as a legitimate basis to recover? Not if... Without a doctor's testimony? In this particular case with the pre-existing condition, Your Honor, I don't know how it can. If the condition already exists, the very condition for which the person needs the surgery and becomes disabled, all doctors agree it pre-exists the incident. Did he, did anybody say that the day before the accident he needed surgery? Not that I'm aware of, Your Honor, but again, you know what, I... Because he didn't need the surgery until the symptoms developed and he had all the pain. I don't, I don't, I don't have discovery at my disposal in workers' compensation, I mean... You understand, you understand my point, though. Well, I'm saying, you know, isn't that proof that it accelerated his condition? I don't believe so, no, Your Honor. He didn't need surgery before, he wasn't having any problem with it. He never saw any treatment? That I know of. I have no discovery. I mean, sometimes we get lucky, sometimes we find something. But we have to stay within the record. Right. Let's just stay within the record. Justice Stewart's question is... You're right, I have nothing showing beforehand, but I don't think that means solely because he experiences pain at work. Again, relying back on greater Peoria and what the court said there. I don't believe that the mere fact that the person experiences the symptoms, the start and onset of symptoms while at work, even if something happened in greater Peoria, I believe they go so far as to say even assuming the shoulder was hit, okay, that there needs to be proof of aggravation, acceleration, precipitation. They lay out four factors. They tell us something has to be shown here. Of course there has to be proof, and it can be provided by the claimant. I mean, we can go back and forth all morning as to the level of that proof. I think we are saying it can be provided by the claimant's testimony itself. If the pain suffered by a claimant is the effect of a work-related accident, why can't he recover? Well, he can. He can recover for the contusion he sustained here. I fully believe that he's entitled to... There was an accident, there was an injury, there was a contusion. We just don't agree that there's been sufficient evidence to prove a causal connection between the meniscal tear and that accident, or the later arthritic condition for which he underwent surgery. He wants medical treatment to relieve him of the pain. That's what he wants medical treatment for, does he not? But the medical care didn't relieve him of that pain. But that's what he wants. That's what the commission wants. I mean, it's pain that is his problem. He was asymptomatic before the event. Pain is now his problem. And that's the effect of a work-related accident. It's not necessarily the cause. Well, but a contusion can cause pain as well, Your Honor. Yes. And just because someone now has pain upon a pre-existing condition, does that mean that if the accident did nothing to further that condition, to make it worse, to aggravate or accept... So it did make it. It had to aggravate it. It made it asymptomatic. Without it, he'd still be asymptomatic. It made it symptomatic. It made it symptomatic. I understand what you're saying. But my question, my statement is this. It made the petitioner symptomatic. We don't know that that condition became symptomatic because none of the doctors can tell us that there was an aggravation or an acceleration. He had a contusion. The only reason why I ask the question is because 8A seems to require you to pay for everything that's necessary, not only to cure a condition, but to relieve from the effects of an accidental injury. Correct. And the effect, in this case, is pain. But if pain were enough, then why in greater peoria did the Supreme Court say it's not enough? I don't know. Why did they say an international harvester, a chain of events was? Well, you know, this is a manifest weight case. And Cohen could have testified, maybe did testify, in effect, that the knee was like in greater peoria. It was like a bomb ready to go off or whatever the language was they used. And the commission could have said, we go with Cohen. And we'd be hard pressed to reverse that. And I'm not asking you here today to accept Cohen over Park. I'm asking you solely to look at Park's testimony. And the fact that Park says, in order to get you to the aggravation and acceleration, which then makes it a causative factor of the condition, I have to assume things and I have to presume things. That, to me, says speculation. Now, if all of you sit here and tell me I'm wrong, then I'm wrong. And I have no recourse unless someone wants to further it. When you think of a single medical diagnosis, it doesn't require the doctor to assume certain things? You have to have assumptions that go with any diagnosis. There are educated assumptions. There are assumptions that are tempered by the doctor's education and his knowledge. But he's making assumptions just because the thing is based upon assumption doesn't make it speculation. It's only when, if you assume A and you conclude B, it's within the realm of speculation if C is equally as probable as B. That's only when it rises to the level of speculation. What's the other equally probable inference that could be drawn from what Park assumed? But, Your Honor, when he tells us, he can't say what it is about this accident that it was actually aggravated as a result, or what part of this condition was actually aggravated as a result of the accident. He said, I can't tell you that. It's impossible. But he can say that he also, I'm sorry. I don't want to interrupt. He can say that, in my opinion, within a reasonable degree of medical certainty, this accident did cause the pain that the man suffered subsequent thereto. He can say that without saying, I don't know why it did, but it did. And that's exactly what he said. I can't tell you why it did. But that, again, is getting back to a greater priori type situation where a person notices pain at work, has an accident, but it doesn't mean it aggravated or accelerated the underlying condition. We're back to where we started. Your Honor, this is something I'm asking you. You are dancing around saying in so many words, you believe there should be some testimony, some medical testimony as to the mechanism of the injury. You take the question and you don't answer it. You're saying it's a mere pain. The condition is asymptomatic. It becomes symptomatic. The claimant further testifies to it. You're saying that's not really enough. We need to know what the actual underlying physical cause of the problem is. And we're going back and forth on this. If that is the essence of your position. If that's your question, yes. I want to make sure we finally pin down your bottom line position. But that's not what I'm relying on primarily in my statement, because Dr. Park and Dr. Cohen both also testify that a person can have a problem with these conditions, these very conditions, without any type of traumatic incident at all. Okay. Your time is up. All right. Thank you. Counsel, you may respond. Good morning, Your Honors. Casey Woodruff on behalf of Appellee Larry McCarthy. May it please the Court, Counsel. Justice Stewart, you are correct. It is a manifest weight case. I've heard little about the standard of review from the litigants this morning. But having prevailed at the level of arbitration, at the level of commission, at the circuit court level, I feel it necessary to remind all that that is indeed the standard of review. When turning specifically to the argument that Counsel chose to address this morning, you are quite correct that Counsel would impose on the doctors and the trier of fact the necessity of showing some sort of mathematical algorithm as to exactly what was aggravated or accelerated by a trauma. I dare say there are waiting rooms in orthopedic offices all over the loop right now that are degenerative arthritis and are asymptomatic. They have no symptoms. They're just there to see the doctor. Of course, that's not the case. The reason why people go and get treatment, the reason why people complain of an injury, the reason why people lose time from work is because they are symptomatic. And while Counsel may pose a threat, should pending legislation require a litigant before this Workers' Compensation Commission to establish the principal cause, that is certainly not the law as it exists today and not the law as it has existed. It is in some states, but it's not in Illinois. It's not in Illinois, Your Honor. That standard points out the difficulty, perhaps even impossibility, of sorting out exactly what preexisted and what was aggravated or accelerated. We know from Dr. Park's testimony that the initiating event that led to the whole evolution of pain was the accident. The whole temporal evolution caused it. It led to the manifestation of pain. Once you get a meniscus tear, that kind of first event leads to the loss of more cartilage and a progression of arthritis. Indeed, we know from Dr. Cohn in his report that he believed that the incident caused a manifestation of symptoms from preexisting arthritis. Can they point whether or not it progressed from one grade to another? Can they show a millimeter of progression in a meniscus tear? They cannot. What they know, based not just on the temporal relationship, but the credible testimony of the petitioner, which is part of it, is that he was pain-free beforehand. Had counsel introduced evidence that this gentleman limped into work every day and then had this event, we would have an additional obstacle. If there was evidence that he was under care and treatment, we would have an additional obstacle. Look, let's make this real simple. Park gave an opinion in April of 2009 that said he had no preexisting knee pain at that time. His knee arthritis condition certainly existed prior to his knee injury on December the 8th, 2008. However, it seems that the injury by the metal cart has precipitated the onset of symptoms and severe degree of knee pain. Therefore, I do believe that the injury by the metal cart contributed to the outset of the patient's right knee pain and problem. Again, the knee arthritis condition itself was asymptomatic prior to his injury on December 8th, 2008. Now, the last time that I looked, Wilson v. Clark was applicable to workers' compensation cases. That is an opinion. He need not give the basis of the opinion, although he did. It was asymptomatic. And it occurs to me that unless someone can attack the underlying basis for his opinion, that's evidence which the commission could consider, which I think they did. And we now have a causation opinion. I couldn't agree more, Justice Hoffman. And with that, I would urge you all to find otherwise would indeed be against the manifest way. Thank you. Thank you. Thank you, counsel. Counsel, you may reply. Thank you, counsel, both for your fine arguments in this matter. It will be taken under advisement and the written disposition shall issue.